Anthony M. Livoti, J.
In this equity action tried before the court, plaintiffs, Sentinel Investigation Service, Inc., and Joseph Page, demand judgment restraining the defendant Joseph O’G-orman from continuing, engaging or becoming interested or employed directly or indirectly as owner, part owner, manager, employee or officer of a corporation conducting the same or, in any other capacity, in any other business which would wholly or partly consist in operating, under a license from the Depart *51 ment of State of the State of New York, as a private investigator or a watch guard and patrol agency within the State of New York and any locality or city of a neighboring State within a radius of 100 miles of the City of New York until October 7, 1963; further, that the defendant Mercury Intelligence Service, Inc., be restrained and enjoined from continuing to employ the defendant Joseph O’Gorman directly or indirectly in any capacity.
Plaintiffs also seek to have ascertained and computed the damages sustained by them and ask judgment in that amount.
This suit arises out of an agreement entered into on October 7, 1958, by Joseph Page, Joseph O’Gorman and Sentinel Investigation Service, Inc., wherein the parties agreed in paragraph 6 as follows: “ The First Party does further covenant and agree, to and with the said Second Party, that he will not re-establish, re-open, be engaged in, nor in any manner whatsoever, become interested, directly or indirectly, either as employee, as owner, partner, as agent, or as stockholder, director or officer of a corporation, or otherwise, in any business, trade or occupation similar to the one engaged in by the sentinal investigation service, inc., within the State of New York, and any locality or city of a neighboring state within a radius of One Hundred (100) Miles from the City of New York, for a period of 5 years.”
Thereafter, on or about December 2, 1958, defendant O ’Gorman filed with the Division of Licenses, State of New York, an application for a license to engage as a private detective in the State of New York.
As a part of defendant’s application the plaintiff Joseph Page gave a sworn character reference on behalf of defendant O’Gorman. There can be no doubt that the affidavit of reference clearly indicated that plaintiff knew that the defendant O’Gorman was applying for a license to engage as a private investigator in Queens County. While this action was instituted in August of 1961, it is clear that the plaintiff Page within three months after entering into the said agreement directly and knowingly aided the defendant in obtaining a State license to engage as an investigator or private detective. Further, plaintiffs were fully aware that the defendant O’Gorman was, for over two years, engaged in the business complained of in this lawsuit, in the same county (Queens County) where plaintiffs were conducting their business.
Plaintiff Joseph Page contends that the evidence submitted does not constitute a waiver merely because he was charitable in helping defendant O’Gorman to secure a license to engage in the business of investigator or private detective. However, *52 the court cannot agree on this point. There could be no doubt that if a license such as the type defendant O’Gorman applied for, and plaintiff Page aided him in securing, was granted, it would afford him the opportunity to engage in the same business as was plaintiff. It is, in my opinion, an inescapable conclusion that plaintiffs waived defendant’s compliance with paragraph 6 of the agreement.
It is also clear that the defendant engaged in the business complained of for over two years before the legal proceedings to enjoin him were commenced. Further, the plaintiffs were aware that defendant was conducting the business they claim to be specifically prohibited in the agreement. This court feels that the plaintiffs were called upon to act more promptly in seeking to have their legal rights asserted. ‘1 Courts of equity refuse to give relief to a plaintiff who has been guilty of such delay in asserting a right of action after it has arisen as to make the assertion unjust. If he has led the defendant to believe that the right will not be asserted either by word or conduct, this circumstance will have an important bearing on the question of inexcusable delay”. (3 Williston, Contracts [rev. ed.], § 695.) Accordingly, judgment is granted in favor of defendants dismissing the complaint.